## 58190. SPECTOR v. LANKFORD.

BANKE, Judge.

The appellant sued the appellee to recover for injuries which she sustained in an automobile collision, and a jury returned a verdict in her favor in the amount of $1,200. Apparently dissatisfied, she filed a motion for a new trial. This appeal is from the denial of that motion.

Two alleged errors are enumerated. The first is that the trial court allowed the appellee to attempt to impeach the appellant with regard to inconsistent responses which she had made on two employment applications, concerning a matter which had nothing to do with this case. The second is that the court allowed an unsigned deposition to be read into evidence. *Held:*

1. The appellant gave a perfectly satisfactory

response to the question regarding the employment applications, and the question itself could not have harmed or prejudiced her in any way. Accordingly, the first enumeration of error shows no grounds for reversal.

2. The deposition was taken after court adjourned on the first day of trial, for use as evidence on the following day. This was done as an accommodation to the witness, who had an out-of-state business commitment the following day. The appellant argues that under Code Ann. § 81A-130 (e) a deposition cannot be used unless it has either been submitted to the witness for examination and reading or such examination and reading have been waived by the witness and the parties. While this may be true as a general rule, this case presents a unique situation in that the deposition was taken for the express purpose of being used as evidence at trial the next day; and the appellant was well aware that by the time the transcript was prepared the witness would be unavailable to sign it. Since the appellant made no demand for the witness' signature until it was clear that compliance with the demand would be impossible and since there is no contention or indication that any of the testimony in the deposition was improperly transcribed, we hold that the trial court acted within its discretion in allowing the deposition to be used as evidence.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 19, 1979 —

*Gregg Loomis, Mark Black,* for appellant.
*Nancy E. Underwood,* for appellee.